UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-CR-00238-JLT-SKO |
| Plaintiff, | ORDER SETTING THE TRIAL DATE (Doc. 1534, 1535) |
| v. | |
| EVAN PERKINS, et al, | |
| Defendants. | |

The Court previously severed the trial of Evan Perkins from that of Messrs. Stinson, Clement and Johnson. (Doc. 1626) Since that time, the Court has concluded that trial and now has a better sense of the evidence and the interrelationship between the defendants. Given this, the Court is convinced that it makes little sense to join Mr. Perkins' trial with Mr. Gray's. As noted in the order severing Mr. Grays' trial, he is the sole remaining defendant who is not charged in the RICO conspiracy. Adding Mr. Perkins to his trial would expose Mr. Perkins to the very prejudice that the Court sought to avoid when severing his trial originally. Likewise, Mr. Perkins and Mr. Gray are not charged in the same VICAR murders, such that joining their trials together makes no logical sense. Indeed, the only commonality is that their charged acts are related only due to the alleged participation in the Aryan Brotherhood.

On the other hand, in addition to the two VICAR murders, Mr. Perkins *is* charged in the RICO conspiracy, which alleges he was involved in fraud which, the evidence in the earlier trial,

1  suggests was part of a scheme involving Mr. Collins. Given this, the evidence to be presented at
2  the third trial, involving, Messrs. Pitchford, Weaver and Collins, as to Mr. Perkins is significantly
3  overlapping. For these reasons, Mr. Perkins' trial is set on April 21, 2026[1] along with the
4  remaining co-defendants.

5  As noted by Mr. Perkins (Doc. 1534 at 4) and as previously found by the Court (Doc.
6  549), this case continues to be "incredibly complex). Moreover, in seeking severance of his trial,
7  Mr. Perkins suggested that he had no problem going to trial with the remaining defendants,
8  whether Mr. Gray or the remaining three[2], and argued this as a basis for the severance, because
9  severing his case and joining him with either of the remaining trials would not impose anything
10 greater on judicial resources or on the government of its witnesses. Indeed, this was a significant
11 reason why the Court finally agreed to the severance. Thus, based upon joining Mr. Perkins with
12 codefendants Weaver, Pitchford and Collins, time is excluded under the Speedy Trial Act pending
13 trial on April 21, 2026 under 18 U.S.C. §§ 3161(h)(6), (h)(7)(B)(ii).

## ORDERS

The Court has considered the filings of Mr. Perkins, Mr. Gray and the government (Docs. 1842). After considering these, the evidence presented at trial already, the third superseding indictment, the authorities and analysis set forth in the Court's orders (Docs. 1490, 1626) and the analysis above, the Court **ORDERS**:

1. The trial of Mr. Perkins is set on April 21, 2026 at 8:30 a.m. to proceed with codefendants Weaver and Pitchford.

2. To the extent that trial has not been set in the trial of Mr. Collins, his trial is set on April 21, 2026 at 8:30 along with Messrs. Weaver, Pitchford and Perkins.

///
///
///
///

---

[1] The Court is willing to advance the trial if the parties agree.
[2] Even still, counsel stated a strong preference for trial with Mr. Gray.

2

2. Good cause exists and the interests of justice outweigh the interests of the defendant and the public in a speedy trial according to 18 U.S.C. §§ 3161(h)(6), (h)(7)(B)(ii). The Court excludes time between September 23, 2025 and April 21, 2026.

IT IS SO ORDERED.

Dated: **April 5, 2025**

UNITED STATES DISTRICT JUDGE