UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAYSON WEAVER, et al,

Defendants.

Case No. 1:20-CR-00238-JLT-SKO

ORDER CONTINUING TRIAL

(Docs. 2066, 2151)

The Court granted Mr. Collins's request for new counsel on March 23, 2026. (Doc. 2074) Due to the lack of attorneys available, qualified and willing to take this case, it was not until May 4, 2026 that new counsel was appointed. (Doc. 2100) Now that Mr. Jones is working on the case, he has realized that the significant amount of discovery available and the complexity of the case makes it impossible for him to be prepared to try the case until September 2027—an 8-month continuance from the currently scheduled case in January 2027 (Doc. 2151). He reports, "There are over 1,683 hours of non-duplicative wiretap recordings, approximately 75,000 pages of discovery, Pen Rigisters [sic], toll captures, images, cell phone downloads, and other media." *Id*. at 2. He seeks a continuance under 18 U.S.C. § 3161(h)(7)(A).

In addition, counsel for Mr. Perkins reports that she is likely going to need to ask to continue the January 2027 trial due to being involved in a lengthy trial beginning in August 2026. (Doc. 2188) Finally, all defendants, except Mr. Collins seek to continue the January 5, 2026 trial

date to later in the month so that their trial preparations will not interfere with their celebration of the holidays. (Doc. 2066)

None of the codefendants[1] or the government disputes that Mr. Jones needs more time. However, many codefendants object to the motion to continue trial based upon Speedy Trial Act concerns. (Doc. 2187 [Pitchford], 2188 [Perkins], Doc. 2189 [Weaver].)[2] Mr. Van Beusekom neither objects to nor agrees to Mr. Collins' motion to continue the trial. (Doc. 2190). He notes that his appointed attorney faced a similar situation and concedes that the volume of work required to be prepared for trial justifies the request made by Mr. Jones *Id.* The government disagrees that the trial should be continued, but if it is, it objects strongly to any severance of any defendants. (Doc. 2191) Considering the positions of the parties, the Court **FINDS**:

1. This case is complex and the discovery is voluminous.

2. Counsel for defendant Andrew Collins was appointed in May 2026 and is unable to be prepared for a trial until September 2027.

3. Based on 18 U.S.C. § 3161(h)(7)(B)(i), failure to grant a continuance would likely result in a miscarriage of justice because without the additional time Mr. Jones cannot be prepared for trial, and the parties would not be able to effectively continue their ongoing plea negotiations.

4. Severance of any of the defendants from the remaining trial is not justified. Fed. Rule Evid. Rule 14; *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

4. The delay resulting from the requested continuance is excludable under the Speedy

---

[1] The Court excludes Justin Gray from the category of "defendants" and "codefendants" it references here. Mr. Gray's severed trial will begin on August 18, 2026.

[2] Messrs. Pitchford and Weave seem to suggest that they would agree to a trial continuance if they were transferred back to state prison during the interval. (Docs. 2189, 2193) Notably, they do not contend that there was any error in issuing he writs ad prosequendum. Even still, the Court recognizes it has the discretion to return them to state custody. However, the CDCR is a large institution, and it would determine where the defendants would be housed if returned to state custody. The CDCR operates several Level IV security prisons throughout the state—some as far away as Crescent City and Susanville. Even those that are closer, such as in California City, Lancaster or Sacramento, would result in about a four-hour drive each way to the Fresno federal courthouse. Given the Court must determine pretrial motions and monitor the progress of the case, necessitating many more hearings before trial, the security risks that repeated trips from even these closer facilities pose to those making the transport would also have to be considered, if the Court were to exercise the discretion urged. Given these considerations, the request to transfer the defendants back to state custody is **DENIED.**

Trial Act because the failure to grant the continuance would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account 18 U.S.C. § 3161(h)(7)(B)(iv). Likewise, the delay resulting from the requested continuance is excludable under the Speedy Trial Act time as to the codefendants under 18 U.S.C § 3161(h)(6).

Thus, the Court **ORDERS:**

1. Mr. Collins' motion to continue (Doc. 2151) is **GRANTED** and the motion to continue the trial (Doc. 2066) brought by the remaining codefendants is **GRANTED in PART**. The trial is **CONTINUED** to September 28, 2027 at 8:30 a.m.

2. Based upon 18 U.S.C. § 3161(h)(7)(B)(iv) and 18 U.S.C § 3161(h)(6) the ends of justice served by granting of the continuance outweigh the interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) and time under the Speedy Trial Act is excluded until September 28, 2027[3].

IT IS SO ORDERED.

Dated: _July 31, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[3] Time has been excluded already through January 5, 2027.