# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYSON WEAVER,<br><br>Defendants. | Case No. 1:20-cr-00238-JLT-SAB-13<br><br>ORDER REQUIRING ATTORNEY BENJAMIN PAVONE TO SHOW CAUSE IN PERSON WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO APPEAR<br><br>**IN-PERSON APPEARANCE ON TUESDAY, AUGUST 11, 2026, AT 11:00 A.M.** |

On July 6, 2026, attorney Benjamin Pavone filed a 'motion for discovery (to intervene to enforce third-party subpoena in Brown)' seeking criminal discovery based on a subpoena relating to a civil action in the Northern District of California, Brown v. California Department of Corrections & Rehabilitation, No. 4:25-cv-04741-JST-AGT, (N.D. Cal.). (ECF No. 2148.) The Court set the motion for a hearing on August 5, 2026, at 1:00 p.m. (ECF No. 2155.) In the motion for discovery, Mr. Pavone requested that he be able to appear remotely. (ECF No. 2148-4.) On July 14, 2026, the Court denied the request because "the relief sought involves a criminal matter." (ECF No. 2162.) The Court then stated, to be clear, that "[a]ll appearances on this matter shall be in person." (Id.) On Tuesday, August 4, 2026, in response to an email sent by the government noting that Justin Gilio would be present for the government at the hearing, Mr. Pavone sent an email to the Court's Courtroom Deputy, stating the following: "I can barely contain the magnitude of emotional relief from averting the constitutional due process crisis by denying me permission to

appear remotely for a discovery motion."[1]

On August 5, 2026, the Court called this matter on the motion for discovery. Justin Gilio, Esq., was present on behalf of the Government. Randy Pollock, Esq., was present on behalf of Defendant Jayson Weaver, who was also present in person. Benjamin Pavone, or anyone else on behalf of the motion for discovery, failed to appear. (ECF No. 2205.) Accordingly, the Court took the motion under submission. (Id.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). The Court will require attorney Pavone to show cause **in person** as to why he failed to appear for the August 5, 2026 hearing on his motion for discovery.

Accordingly, IT IS HEREBY ORDERED that the Benjain Pavone shall show cause **in person on August 11, 2026, at 11:00 a.m., in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone**, as to why the Court should not impose sanctions for failure to appear on his motion for discovery. Appearance alone will not mean that the Court will not still consider imposing an appropriate sanction. Furthermore, because the Court has taken the motion for discovery under submission, the Court will not entertain any further argument on that matter.

Alternatively, the Court will allow attorney Pavone to pay a monetary sanction in the amount of **$1,582.00** in lieu of appearing in person.[2] Should Pavone pay this sanction, the Court will discharge this order to show cause. Should Pavone take this route, he shall pay **$1,582.00 in sanctions via cashier's check to the Clerk of the Court no later than August 10, 2026**, for his failure to appear at the hearing on the motion for discovery. Pavone shall file a notice **no later than August 10, 2026**, confirming that he has paid the sanction.

---

[1] The Court will direct the Clerk of the Court to file this email exchange on the docket under seal.

[2] This amount is calculated based on the currently hourly rate for CJA counsel in capital death-eligible prosecutions ($226) with the approximately seven hours attorney Pollock expended in traveling from Oakland to Fresno, as well as appearing before the Court. See Appendix 1, Judicial Council of the Ninth Circuit, Criminal Justice Act Policies and Procedures (Appendices Updated Apr. 27, 2026).

If Pavone neither appears in person or alternatively pays the sanction, the Court will consider imposing sanctions against him, including daily monetary sanctions, disbarment from the Eastern District of California, and reporting him to the State Bar of California. L.R. 184; see also Rohn v. United States, No. CIV. S-00-1628FCDPAN, 2002 WL 32123927, at *3 (E.D. Cal. Aug. 27, 2002) ("Pursuant to California Business and Professions Code . . . counsel shall report these sanctions to the California State Bar Association . . . [and the] court shall report the sanctions imposed on counsel to the California State Bar Association."); Leads Club, Inc. v. Peterson, No. CIV. 05CV1717-J JMA, 2008 WL 186504, at *4 (S.D. Cal. Jan. 22, 2008) ("[D]isregard of court orders is wholly inappropriate and unprofessional. Such disregard implicates attorney discipline, an important state interest . . . Since the State of California has an interest in maintaining the integrity of the legal profession and thus, the attorneys that it licenses, they should be aware of [Counsel's] behavior.").

The Court DIRECTS the Clerk of the Court to file the aforementioned email exchange to this order UNDER SEAL.

IT IS SO ORDERED.

Dated: **August 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge